**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36597**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2011 Opinion No. 4** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: February 17, 2011** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **CORINE PIERCE,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Peter D. McDermott, District Judge.

Judgment of conviction, affirmed.

Molly J. Huskey, State Appellate Public Defender; Heather M. Carlson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Corine Pierce appeals the district court's order granting the State's motion to reinstate felony charges previously dismissed pursuant to a plea agreement.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Pierce was charged with three felonies: one count of battery upon a jailer, Idaho Code §§ 18-903, 18-915(c), and two counts of propelling bodily fluid or waste at certain persons, Idaho Code § 18-915B. These charges arose from her spitting on and biting one jailer and spitting on another jailer while she was being moved into another cell.

On March 2, 2009, Pierce came before the district court for a change of plea hearing. Pierce and the State reached an agreement for the State to dismiss the charges of propelling bodily fluid in exchange for Pierce pleading guilty to felony battery upon a jailer. The State would also recommend a withheld judgment and probation. The district court granted the State's

1

motion to withdraw the charges of propelling bodily fluid and withdrew Pierce's not guilty plea to battery upon the jailer. Before accepting Pierce's guilty plea to battery upon a jailer, the district court engaged in a plea colloquy. When the court asked Pierce if she had attacked or struck the jailer, Pierce replied she could not remember because she had blacked out on prescription medicine, but she must have done so because that is what she had been told. Pierce explained to the district court that officers arrived at her house because her family had called 911 worried that she was overdosing. Pierce acknowledged that "she did act out and was highly agitated, under the influence, and did strike" the jailer. After hearing Pierce's explanation of the events, the court asked the prosecutor:

| | |
|---|---|
| Court: | . . . Is there any chance you would consider misdemeanor battery on Count One? |
| [Prosecutor:] | Your Honor, the State would be amenable to such a plea, you know, as long as the restitution was met or at least [inaudible]. |
| Court: | To battery? |
| [Prosecutor:] | That's correct, your Honor, misdemeanor battery. |
| Court: | Thank you. Thank you, that's better. |
| [Defense:] | Excellent. |
| Court: | How much restitution is owed? |
| [Defense:] | I don't know, your Honor, but we're not opposing whatever's requested. |
| Pierce: | No, definitely not. |
| [Defense:] | We know there is testing for, as a result of the spitting incidences, there was the medical treatment, there may be some uniform damage, we don't care. |
| . . . . | |
| Court: | Okay, then, but, what I'm going to do is, I'm going to grant the, and thank you, [Prosecutor], I'm going to grant the State's motion to dismiss, or reduce Count One to misdemeanor battery, and what I'm going to do is to remand this to a magistrate court, Stephen Thomsen, Magistrate Judge, residing, to take the plea of guilty on the battery charge, and direct the sentencing. Now, do you go by Corine or Rebecca? |
| Pierce: | Corine. |
| Court: | Corine, you realize, I hope, that the prosecutor's office is giving you quite a break here. |
| Pierce: | Yes, I do, definitely. |
| Court: | And in connection with that, they're going to expect you to pay complete and full restitution to these officers here, and it might even, and it might even include, you might even want to write a letter and apologize to -- |

2

That same day in a minute entry and order, the district court granted the State's motion to dismiss the two counts of propelling bodily fluid and reduced the felony battery to misdemeanor battery, I.C. §§ 18-903, 18-904. The district court then remanded the case to the magistrate court for entry of plea and judgment of conviction.[1]

On March 5, 2009, the prosecutor filed a motion to have the misdemeanor plea withdrawn and reinstate the original charges. The motion stated that an original plea agreement existed for Pierce to plead guilty to felony battery upon a jailer in return for dismissing the two counts of propelling bodily fluid. The prosecutor at this hearing, who was not present at the change of plea hearing, explained that the other prosecutor had been sent to the prior change of plea hearing to follow the original plea agreement, which had not occurred. It was argued that the district court acted "outside its bounds and discretion, to go ahead and make its own negotiations in this matter,"[2] and that the facts of the case justified a felony conviction.

The district court announced its decision as follows:

> . . . For any contract to exist, there has to be an offer and acceptance. And in this case, the State made an offer to the Defendant that she could plead guilty to the Count One, the felony, battery on a jailer. And if she would agree to do so, the State would dismiss Count Two and Three, each one's [a] felony, and each count [is] charging propelling bodily fluids at certain persons. And so, that was the contract. And then, when the Defendant started her plea of guilty to the felony, Count One, the State, or the Court interjected and, I guess, was well, anyway, the Court interjected if the State would reduce it to a misdemeanor. And the State agreed, but that was outside of the contract that the State and the Defendant had entered into, and I guess the best that I can say is that the Court modified the contract, the State didn't and the Defendant didn't. But the Court did, the State did agree to reduce the Count One to a misdemeanor and, at the Court's suggestion, but that wasn't part of the plea agreement. So I'm going to let the State reinstate Count Two and Three. In the decision to dismiss Count Two

---

[1] The court's order also stated that Pierce entered a plea of guilty to misdemeanor battery and the court accepted the plea. However, that does not appear consistent with the transcript. Throughout the remainder of the proceedings, the court and parties operated on the assumption that Pierce had pled guilty to the misdemeanor battery. On appeal, both parties recognize no plea had been entered.

[2] We disagree with the State's contention that the district court acted improperly in suggesting that the prosecutor consider amending the charge to a misdemeanor instead of a felony. It is permissible for a trial court to participate in plea agreement discussions. *See* Idaho Criminal Rule 11(f)(1).

and Three, it wasn't stated they would be dismissed with prejudice; although, the understanding was probably if the contract was accepted, Count Two and Three would be dismissed with prejudice. But I think the way this happened, the Court modified the contract of the parties by suggesting the State reduce this to a misdemeanor. So, I think Count Two and Three should be reinstated and are reinstated at this time. . . .

The court did not reinstate count one as a felony because the court and parties mistakenly believed Pierce had already pled guilty to the misdemeanor battery. Subject to a new plea agreement, Pierce withdrew her supposed guilty plea to the misdemeanor charge and allowed the court to reinstate it as a felony to which she would plead guilty in return for the State dismissing counts two and three with prejudice. Pierce pled guilty to felony battery while reserving her right to appeal the reinstatement of counts two and three.

## II.

## DISCUSSION

Pierce does not dispute that the parties initially presented a plea agreement to the district court under which she would enter a felony plea to one count, and two additional felony counts would be dismissed. However, she argues that during the proceedings the agreement was validly amended such that she would plead to a single misdemeanor count, the remaining two felony counts would be dismissed, and she would pay restitution. Pierce asserts that the agreement was accepted by the court and was, therefore, binding upon the State. She claims that the district court erred when, upon the subsequent motion of the State, it reinstated the two dismissed felony charges. Pierce cites to breach of plea agreement standards and argues for specific performance of the amended plea agreement under concepts of fundamental fairness. In response, the State assumes an amended plea agreement existed but claims that it had the right to withdraw from the plea agreement before the plea was entered.

We turn first to the plea agreement itself. Neither party disputes that an initial agreement had been reached and presented to the district court during the change of plea hearing. As the court began to accept the plea, it came to light that Pierce was under the influence of prescription drugs at the time of the crime and may not have had full recall of the events. The court asked the prosecutor, as Idaho Criminal Rule 11(f)(1) permits, if a misdemeanor battery charge would be sufficient. The prosecutor agreed, and Pierce agreed. This amended the plea agreement. The court accepted the modified plea agreement, reduced count one to a misdemeanor, dismissed the

remaining two felony counts, and remanded the case to the magistrate for acceptance of the guilty plea and entry of judgment. Despite the existence of an amended agreement, the State argues it was free to back out of the court-accepted agreement because Pierce had not pled guilty.

Plea agreements serve an important public interest in saving time and money and assuring finality. *State v. Murphy*, 125 Idaho 456, 457, 872 P.2d 719, 720 (1994). Plea agreements are governed by I.C.R. 11(f), which in part states:

> The prosecuting attorney and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement, which may include a waiver of the defendant's right to appeal the judgment and sentence of the court, that *upon the entering of a plea* of guilty to a charged offense or to a lesser or related offense, the prosecuting attorney will do any of the following:
> > (A) move for dismissal of other charges; or
> > (B) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court; or
> > (C) agree that a specific sentence is the appropriate disposition of the case; or
> > (D) agree to any other disposition of the case.
> The court may participate in any such discussion.

I.C.R. 11(f)(1) (emphasis added). The plea agreement is in general to be disclosed in open court at the time the plea is offered. I.C.R. 11(f)(2).

Although we do not encourage reneging on plea agreements, we conclude that the amended plea agreement here was not enforceable against the State because the State revoked its offer before Pierce pleaded guilty. The State's obligations under a plea agreement ripen only "upon the entering of a plea." I.C.R. 11(f)(1). Since a defendant cannot be forced to plead guilty, it is the entry of a plea that actually binds the defendant. If the agreement calls for the prosecutor to make a sentencing recommendation under I.C.R. 11(f)(1)(B), then the court need not accept or reject the agreement, but must advise the defendant that he has "no right to withdraw his plea" if the recommendation is disregarded. I.C.R. 11(f)(2). When a court rejects a plea agreement, it must inform the parties the agreement is rejected and advise the defendant that the court is not bound by the plea agreement and allow the defendant to withdraw the plea.

5

I.C.R. 11(f)(4). Thus, the rule ties the performance of the parties to the defendant's entry of a plea.

In *Mabry v. Johnson*, 467 U.S. 504, 507-508 (1984) (abrogated on other grounds by *Puckett v. United States*, ___ U.S. ___, 129 S.Ct. 1423 (2009)), the Supreme Court stated:

> Respondent can obtain federal habeas corpus relief only if his custody is in violation of the Federal Constitution. A plea bargain standing alone is without constitutional significance; in itself it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest. It is the ensuing guilty plea that implicates the Constitution. Only after respondent pleaded guilty was he convicted, and it is that conviction which gave rise to the deprivation of respondent's liberty at issue here.

(Footnotes omitted.) While *Mabry* was analyzing a plea agreement under constitutional principles, it is explanatory of the mechanics of a plea bargain situation and the importance of the entry of the plea in binding the parties. In *United States v. Molina-Iguado*, 894 F.2d 1452 (5th Cir. 1990), the court stated that "surely neither party contemplates any benefit from the agreement unless and until the trial judge approves the bargain and accepts the guilty plea." *Id*. at 1456.[3] In the absence of bad faith, the State was entitled to withdraw from the plea agreement, and negotiate a new plea agreement, before Pierce actually entered a plea. While the district court and the parties were operating under a mistake of fact regarding the entry of the misdemeanor plea, nevertheless, the district court did not abuse its discretion by allowing withdrawal and ordering reinstatement of the felony propelling bodily fluid counts. The parties were, thereupon, free to renegotiate, and Pierce's plea and subsequent judgment of conviction were validly entered.

### III.

### CONCLUSION

The State was free to withdraw from the plea agreement until Pierce actually entered a guilty plea. The district court did not abuse its discretion in reinstating the felony propelling bodily fluid charges. Pierce's subsequent judgment of conviction, upon guilty plea, is affirmed.

---

[3]     The State also cites to *Montez v. Thaler*, 2010 WL 3058392 (W.D. Tex., August 2, 2010), where the court indicated that either party should be entitled to modify its position and even withdraw its consent to the bargain until the plea is tendered and accepted by the court. *Montez*, 2010 WL 3058392 at 12.

Judge LANSING and Judge MELANSON **CONCUR.**