**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40417**

| | |
|---|---|
| GREGORY SCOTT McAMIS, ) | |
| ) | **2013 Opinion No. 66** |
| Petitioner-Appellant, ) | |
| ) | **Filed: December 12, 2013** |
| v. ) | |
| ) | **Stephen W. Kenyon, Clerk** |
| STATE OF IDAHO, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Adams County. Hon. Bradly S. Ford, District Judge.

Judgment granting post-conviction relief, <u>affirmed</u>.

Greg S. Silvey, Star, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.
_____

LANSING, Judge

In this appeal from a judgment granting him post-conviction relief, Gregory Scott McAmis argues that although the district court properly determined that he was entitled to post-conviction relief, it erred in ordering resentencing as a remedy rather than permitting him to withdraw his guilty plea.

**I.**

**BACKGROUND**

McAmis was charged with grand theft, felony, Idaho Code §§ 18-2403, 18-2407, and the State alleged that he was subject to a persistent violator sentence enhancement, I.C. § 19-2514. The parties reached a plea agreement under which McAmis would plead guilty to grand theft. In exchange, the State agreed, inter alia, to dismiss the persistent violator enhancement and recommend a unified sentence of five years in prison with two years determinate, suspended in favor of probation. The State did not make that recommendation. Instead, the prosecutor

1

recommended incarceration, consistent with a recommendation of the presentence investigator. McAmis's counsel did not object but instead commented that he "apparently . . . misunderstood the nature of the plea discussions with the State." The trial court imposed a unified eleven-year sentence with five years determinate. This sentence is running concurrently with McAmis's sentence in another case.

McAmis took an appeal, and this Court affirmed his sentence and the district court's denial of a motion by McAmis for reduction of the sentence. *State v. McAmis*, Docket No. 35945 (Ct. App. Sept. 29, 2009) (unpublished). No claim of a breach of the plea agreement was raised on the direct appeal.

McAmis then filed a petition for post-conviction relief alleging that he was entitled to relief because the prosecutor breached the plea agreement and because his defense counsel was ineffective in not objecting to the breach. After conducting an evidentiary hearing, the district court determined that the State did breach the plea agreement and that McAmis was entitled to relief. That determination has not been challenged in this appeal.

At the evidentiary hearing, McAmis was repeatedly asked what remedy he was seeking. He responded in various ways, but ultimately asked to receive a specific sentence (a prison sentence of five years with credit for the five years he had served, followed by probation), and if the court could not guarantee that sentence, then he wanted to be permitted to withdraw his guilty plea. The district court informed McAmis that the available options were limited: the court would either permit McAmis to withdraw his guilty plea or order that he be resentenced in a proceeding where the State would be required to make the recommendation it had agreed to make. After the district court explained these options, McAmis stated that he wanted to withdraw his guilty plea. Likewise, McAmis's attorney requested that McAmis be allowed to withdraw the plea. The district court did not permit withdrawal of the guilty plea, but instead ordered specific performance of the plea bargain in a new sentencing proceeding.

McAmis appeals, arguing that the district court erred when it ordered specific performance instead of permitting withdrawal of his plea. He argues that the district court had discretion to order either remedy and abused that discretion because the trial court's analysis of the remedy issue was based on a single erroneous consideration and because specific performance is an insufficient remedy as a matter of law.

2

## II.

## ANALYSIS

It has long been established that the prosecution's breach of a plea agreement violates a defendant's rights and entitles the defendant to a remedy, *Santobello v. New York*, 404 U.S. 257, 262-63 (1971), but the United States Supreme Court's analysis concerning the precise effect of the breach has changed over time. In *Mabry v. Johnson*, 467 U.S. 504 (1984), the Supreme Court stated that a breach by the prosecutor invalidates the plea agreement:

> [A guilty] plea must, of course, be voluntary and knowing and if it was induced by promises, the essence of those promises must in some way be made known. It follows that when the prosecution breaches its promise with respect to an executed plea agreement, the defendant pleads guilty on a false premise, and hence his conviction cannot stand.

*Id*. at 509 (citations omitted). This position that a prosecutor's breach at the sentencing hearing automatically voids a plea agreement was repudiated, however, in *Puckett v. United States*, 556 U.S. 129 (2009), where the Court said:

> [T]here is nothing to support the proposition that the Government's breach of a plea agreement retroactively causes the defendant's agreement to have been unknowing or involuntary. Any more than there is anything to support the proposition that a mere breach of contract retroactively causes the other party's promise to have been coerced or induced by fraud. Although the analogy may not hold in all respects, plea bargains are essentially contracts. When the consideration for a contract fails--that is, when one of the exchanged promises is not kept--we do not say that the voluntary bilateral consent to the contract never existed, so that it is automatically and utterly void; we say that the contract was broken. The party injured by the breach will generally be entitled to some remedy, which might include the right to rescind the contract entirely, but that is not the same thing as saying the contract was never validly concluded.

*Id*. at 137 (citations omitted). The Court went on to say, "We disavow any aspect of the *Mabry* dictum that contradicts our holding today." *Id.* at 138 n.1.

Thus, *Puckett* abrogated the reasoning in *Mabry* concerning the effect of a breach. According to *Puckett*, a plea agreement is not retroactively rendered invalid because it has been breached.[1] *Puckett* does not diminish, however, the essential holdings of *Mabry* and *Santobello*

---

[1]    Unfortunately, Idaho appellate courts have not always recognized *Puckett's* repudiation of the *Mabry* analysis. In two opinions concerning the scope of a plea agreement, this Court and the Idaho Supreme Court explained the prejudice caused by breaching a plea agreement and

that a prosecutorial breach of a plea agreement violates a defendant's rights and entitles a defendant to some remedy.

When a breach by the State has occurred, the trial court has discretion to either permit the withdrawal of the defendant's guilty plea or order specific performance of the plea agreement through resentencing before a different judge. *See Santobello*, 404 U.S. at 263; *State v. Stocks*, 153 Idaho 171, 174, 280 P.3d 198, 201 (Ct. App. 2012); *State v. Jones*, 139 Idaho 299, 302, 77 P.3d 988, 991 (Ct. App. 2003); *State v. Seaman*, 125 Idaho 955, 957, 877 P.2d 926, 928 (Ct. App. 1994); *State v. Rutherford*, 107 Idaho 910, 916, 693 P.2d 1112, 1118 (Ct. App. 1985). In selecting a remedy, the court may consider the defendant's preference. *See Santobello*, 404 U.S. at 267 (Douglas, J., concurring); *Rutherford*, 107 Idaho at 916, 693 P.2d at 1118. It is also appropriate to consider which remedy best returns the parties to their bargained-for positions. *See Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376, 1388-89 (2012) (holding, in another context, "a remedy must 'neutralize the taint' of a constitutional violation, while at the same time not grant a windfall to the defendant." (quoting *United States v. Morrison*, 449 U.S. 361, 365 (1981))); *United States v. VanDam*, 493 F.3d 1194, 1206 (10th Cir. 2007) (describing specific performance as the "typical remedy" and the "less drastic remedy"); *United States v. Palladino*, 347 F.3d 29, 35 (2d Cir. 2003) (permitting the withdrawal of a guilty plea where specific performance would create significant practical difficulties and prejudice a party); *Margalli-Olvera v. I.N.S.*, 43 F.3d 345, 355 (8th Cir. 1994) (describing specific performance as the "preferred remedy," but holding that a party's detrimental reliance is a critical consideration in a case applying *Santobello* in the immigration context). The trial court may also consider certain equitable factors. For example, a court may deny the remedy of withdrawal of the plea if either

---

properly cited *Puckett*. *See State v. Peterson*, 148 Idaho 593, 595, 226 P.3d 535, 537 (2010); *State v. Schultz*, 150 Idaho 97, 99, 244 P.3d 241, 243 (Ct. App. 2010). And in *State v. Pierce*, 150 Idaho 725, 729, 249 P.3d 1180, 1184 (Ct. App. 2011), we recognized that portions of *Mabry* had been abrogated by *Puckett*. In other cases, however, this Court and the Idaho Supreme Court have inadvertently continued to rely on the *Mabry* reasoning. For example, in *State v. Gomez*, 153 Idaho 253, 256, 281 P.3d 90, 93 (2012), the Supreme Court stated that "a claim that the State breached a plea agreement affects whether the agreement was knowingly or voluntarily entered" while also quoting *Puckett's* statement to the contrary. The Supreme Court heard *Gomez* on a petition for review from this Court's decision where we also cited both the *Mabry* and the *Puckett* view without acknowledging that the views are contradictory. *State v. Gomez*, Docket No. 36545 (Ct. App. March 25, 2011) (unpublished).

party's ability to try the case has been impeded by the passage of time, *Kingsley v. United States*, 968 F.2d 109, 113 (1st Cir. 1992). Likewise, if a defendant completes a task in reliance upon the plea agreement, withdrawal of the guilty plea could cause him to lose both the benefit of his bargain and his reliance interest. *State v. Doe*, 138 Idaho 409, 411, 64 P.3d 335, 337 (Ct. App. 2003). Additionally, the trial court may consider whether specific performance would require the State to recommend an impractical or illegal sentence. *See, e.g.*, *United States v. Garcia*, 698 F.2d 31, 37 (1st Cir. 1983). These examples are not exhaustive. Rather, they illustrate a host of factors may be relevant to the trial court's determination.

The district court here ordered specific performance through a new sentencing hearing at which the State would be required to adhere to the plea agreement. The district court found no basis to permit McAmis to withdraw his guilty plea. In reaching this decision, the trial court noted that McAmis's guilty plea was validly entered. McAmis focuses on this language and argues that it discloses that the trial court misunderstood the law, believing that the validity of the plea excluded withdrawal of the plea as a remedy. McAmis avers that such reasoning is exactly contrary to the United States Supreme Court's explanation in *Puckett* that "it is precisely *because* the plea was knowing and voluntary (and hence valid) that the Government is obligated to uphold its side of the bargain." *Puckett*, 556 U.S. at 138. McAmis reasons that because of this misunderstanding, the district court could not have properly exercised its discretion since it did not realize that withdrawal of the plea could be an appropriate remedy.

We do not find that the record supports McAmis's interpretation of the district court's comments. The district court's memorandum decision specifically recognizes that "a defendant who successfully shows a breach of a plea agreement may be entitled to either specific performance of the agreement, or the court may allow the defendant to withdraw his plea of guilt." The court thus recognized the scope of its discretion. The district court also discussed factors that might guide its discretion, which did not include the original validity of the plea. Contrary to McAmis's argument, the district court's comment that the guilty plea was validly entered appears to be a recognition that, as the United States Supreme Court said in *Puckett*, a prosecutor's breach of a plea agreement at the sentencing hearing does not render the agreement itself invalid.

Rather than showing that the district court misunderstood the scope of its discretion, the district court's language, when considered in context, shows that it properly exercised its

discretion. The district court specifically discussed the manner in which it believed McAmis was prejudiced, weighed the likelihood that McAmis would have been permitted to withdraw his plea against the likelihood he would have received specific performance if his attorney had made a proper objection at the sentencing hearing, and considered the possibility that the original sentencing judge would have imposed a shorter sentence if the prosecutor had not breached the plea agreement. These considerations show that the district court was examining precisely how McAmis was prejudiced--a determination that was the basis of its conclusion that specific performance was the proper remedy. The district court referenced the valid plea agreement as it sought to craft a remedy that best maintained the benefits both parties had bargained for in the plea agreement. McAmis has not shown that the district court based its ruling upon a misunderstanding or misapplication of governing law.

McAmis also argues that specific performance is an insufficient remedy for two reasons. First, he asserts it was possible that he would have been permitted to withdraw his guilty plea if his attorney had objected at the sentencing hearing. As stated above, the trial court considered this possibility and McAmis has not shown that the court's analysis was defective. Second, McAmis argues that specific performance is unlikely to function as a remedy because the plea agreement required the State to recommend probation and, given McAmis's incarceration on these charges and similar criminal charges at the time of disposition of his post-conviction claims, he was not likely to be sentenced to probation. We acknowledge that a new sentencing hearing cannot put McAmis back in the position that he would have occupied if the State had properly adhered to the plea agreement at the original sentencing hearing. That does not compel a conclusion, however, that a more suitable remedy would be to allow withdrawal of his guilty plea. Neither withdrawal of the plea nor a new sentencing hearing can restore McAmis to the position he would have occupied if the State had adhered to its agreement.[2] McAmis has not shown that the remedy selected by the district court constituted an abuse of its discretion. The record shows that the trial court considered the appropriate facts, applied the correct legal standard to those facts, and granted McAmis a permissible remedy.

---

[2] Any notion that McAmis would have received a suspended sentence and been placed on probation if the State had so recommended may have been little more than wishful thinking given the charging instrument's allegation that he was a persistent violator, which indicates that he had at least two prior felony convictions, and given that another grand theft charge was pending against McAmis in another county at the time of his sentencing in this case.

Accordingly, the judgment of the trial court is affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**