**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42316**

| | |
|---|---|
| STATE OF IDAHO, | ) 2016 Unpublished Opinion No. 352 |
| | ) |
| Plaintiff-Respondent, | ) Filed: January 27, 2016 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| THOMAS NELSON FARMER, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Judgment of conviction and sentence, affirmed; order denying Idaho Criminal Rule 35 motion, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Thomas Nelson Farmer appeals from his judgment of conviction for aggravated assault. He argues the district court abused its discretion by denying his motion to withdraw his guilty plea, imposing an excessive sentence, and denying his Idaho Criminal Rule 35 motion. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Farmer was arrested and charged with aggravated assault for threatening to kill his adult sister while pushing his arm against her throat. He was also charged with the persistent violator enhancement. Pursuant to a plea agreement, Farmer pleaded guilty to the aggravated assault, and the State dismissed the persistent violator enhancement. There was no agreement as to the recommended sentence. After the presentence investigation report and LSI-R and GAIN-I

1

assessments were prepared and reviewed by Farmer, Farmer moved to withdraw his plea on the grounds that his attorney incorrectly informed him of the terms of the plea agreement. After a hearing, the district court denied the motion and sentenced Farmer to a unified five-year term of incarceration, with two years fixed. Farmer filed an I.C.R. 35 motion that was denied by the district court. Farmer appealed.

## II.

## STANDARD OF REVIEW

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). The exercise of the trial court's discretion is affected by the timing of the motion to withdraw the plea. *State v. Ballard*, 114 Idaho 799, 801, 761 P.2d 1151, 1153 (1988); *State v. McFarland*, 130 Idaho 358, 361, 941 P.2d 330, 333 (Ct. App. 1997). Although a less rigorous standard applies, presentence withdrawal of a guilty plea is not an automatic right; the defendant has the burden of showing that a just reason exists to withdraw the plea. *State v. Hawkins*, 117 Idaho 285, 289, 787 P.2d 271, 275 (1990); *State v. Ward*, 135 Idaho 68, 72, 14 P.3d 388, 392 (Ct. App. 2000). Once the defendant has met this burden, the State may still avoid a withdrawal of the plea by demonstrating the existence of prejudice to the State. *State v. Dopp*, 124 Idaho 481, 485, 861 P.2d 51, 55 (1993); *State v. Henderson*, 113 Idaho 411, 414, 744 P.2d 795, 798 (Ct. App. 1987). However, the defendant's failure to present and support a plausible reason will dictate against granting withdrawal, even absent such prejudice. *Dopp*, 124 Idaho at 485, 861 P.2d at 55; *Henderson*, 113 Idaho at 414, 744 P.2d at 798.

Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Freeman*, 110 Idaho at 121, 714 P.2d at 90.

When a district court's discretionary decision in a criminal case is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

2

## III.

## ANALYSIS

Farmer makes three arguments in his appeal. First, he asserts the district court erred when it refused to allow him to withdraw his guilty plea. Second, he argues the district court abused its discretion by failing to reduce his sentence. Third, he argues the district court erred when it failed to grant his I.C.R. 35 motion for leniency.

**A.      The District Court Did Not Abuse Its Discretion by Denying Farmer's Motion to Withdraw His Guilty Plea**

The first step in analyzing a motion to withdraw a guilty plea is to determine whether the plea was knowingly, intelligently, and voluntarily made. *State v. Colyer*, 98 Idaho 32, 34, 557 P.2d 626, 628 (1976); *State v. Hanslovan*, 147 Idaho 530, 536, 211 P.3d 775, 781 (Ct. App. 2008); *Henderson*, 113 Idaho at 412, 744 P.2d at 796. Additionally, I.C.R. 11(c) requires that before a trial court accepts a guilty plea, the record of the entire proceedings--including reasonable inferences drawn therefrom--show:

(1) The voluntariness of the plea.
(2) The defendant was informed of the consequences of the plea, including minimum and maximum punishments, and other direct consequences which may apply.
(3) The defendant was advised that by pleading guilty the defendant would waive the right against compulsory self-incrimination, the right to trial by jury, and the right to confront witnesses against the defendant.
(4) The defendant was informed of the nature of the charge against him.
(5) Whether any promises have been made to the defendant, or whether the plea is a result of any plea bargaining agreement, and if so, the nature of the agreement and that the defendant was informed that the court is not bound by any promises or recommendation from either party as to punishment.

Accordingly, the determination that a plea is entered knowingly, intelligently, and voluntarily involves a three-part inquiry: (1) whether the defendant's plea was voluntary in the sense that he or she understood the nature of the charges and was not coerced; (2) whether the defendant knowingly and intelligently waived his or her rights to a jury trial, to confront his or her accusers, and to refrain from self-incrimination; and (3) whether the defendant understood the consequences of pleading guilty. *Dopp*, 124 Idaho at 484, 861 P.2d at 54; *State v. Carrasco*, 117 Idaho 295, 297, 787 P.2d 281, 283 (1990); *Hawkins*, 117 Idaho at 288, 787 P.2d at 274. The trial court need not establish a factual basis for the crimes charged prior to accepting a guilty plea. *State v. Coffin*, 104 Idaho 543, 545, 661 P.2d 328, 330 (1983).

3

"When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *State v. Lutes*, 141 Idaho 911, 914, 120 P.3d 299, 302 (Ct. App. 2005) (quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971)). However, a plea agreement is not retroactively rendered invalid because it has been breached. *McAmis v. State,* 155 Idaho 796, 798, 317 P.3d 49, 51 (Ct. App. 2013).

Farmer argues that regardless of who makes the representation, whether it be the prosecutor or his attorney, the result is the same: the plea was entered upon a false promise. In this case, defense counsel mistakenly believed the State's offer involved local jail time and probation instead of the State making no specific sentencing recommendations as part of the plea offer. Trial counsel further asserted that she relayed that offer to Farmer prior to the entry of his plea so at the time he entered his plea, he believed the State would be recommending probation and local jail time for the sentence. However, even if Farmer believed the State would be recommending probation and local jail time prior to the change of plea hearing, at the time of the change of plea hearing, his plea could not have rested in any significant degree on that misunderstanding because that misunderstanding was corrected at the change of plea hearing. Farmer, after being informed of the correct plea offer, then entered a guilty plea to the charge, and thus, his plea was entered based on his understanding of the actual plea offer not the misstatement of his attorney.

Just prior to the change of plea hearing, Farmer signed the pretrial settlement offer which makes it clear there were no sentencing agreements as part of the plea offer. The court then reviewed the plea offer on the record with Farmer, noting, "The parties for either side have open recommendations up to the statutory maximums or minimum recommendations as you may choose." The court then confirmed with the State and Farmer that the plea agreement had been correctly stated. Farmer indicated the agreement had been explained to him earlier, but made no mention that he believed the plea offer he signed misstated the terms of the agreement he thought he was getting.

The court again explained to Farmer, "Now the state can recommend anything it wants to up to five years in prison and up to $5,000 in fine at the time of sentencing. Are you aware of that?" Farmer indicated that he was. The court further noted that it was not bound by the recommendations and would impose the sentence it believed was most appropriate under the

circumstances. At no time during the change of plea hearing did Farmer make any statements indicating that he thought the State would be recommending probation and local jail time at sentencing. In fact, every piece of information Farmer was presented with that day and either signed or orally acknowledged indicated the State was not making any specific sentencing recommendation, and the court was not bound by any sentencing recommendation. In light of the information presented to Farmer, this Court cannot conclude his guilty plea was induced by or rested in significant part on the misstatements made by defense counsel prior to the day of the change of plea hearing. As such, this Court cannot find the plea was induced or rested upon any false premise and consequently, finds the plea was entered knowingly, intelligently, and voluntarily.

Farmer argues that even if his guilty plea was constitutionally valid, he has asserted just cause to withdraw the plea--his belief the State would be making a different recommendation. Farmer raises this issue after he had seen the PSI, the LSI-R and GAIN-I assessments, and the behavioral health evaluation, and as such, the court may temper its liberality by weighing the defendant's apparent motive. *State v. Arthur*, 145 Idaho 219, 222, 177 P.3d 966, 969 (2008) (citing *State v. Mayer*, 139 Idaho 643, 647, 84 P.3d 579, 583 (Ct. App. 2004)).

Here, Farmer fails to meet his burden establishing just cause to withdraw his plea. He fails to demonstrate any constitutional infirmity in the guilty plea he entered. Moreover, the court recognized its discretion in the matter, correctly identified the relevant standard for withdrawing the plea, and reached a reasoned decision to deny the motion. Accordingly, we affirm the district court's denial of Farmer's motion to withdraw his guilty plea.

**B.** **The District Court Did Not Abuse Its Discretion by Imposing Sentence or Failing to Reduce Farmer's Sentence**

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say the district court abused its discretion.

Next, we review whether the district court erred in denying Farmer's I.C.R. 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of an I.C.R. 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

## IV.

## CONCLUSION

We affirm the district court. The district court did not abuse its discretion when it denied Farmer's motion to withdraw his plea and it did not abuse its discretion when sentencing Farmer or in denying Farmer's I.C.R. 35 motion for relief.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.