**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51447**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Opinion Filed: March 20, 2025** |
| Plaintiff-Respondent, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | |
| SAID CARRASCO, ) | |
| ) | |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael P. Tribe, District Judge.

Disposition judgment for probation violation, affirmed; order denying Idaho Criminal Rule 35 motion, affirmed.

May, Rammell & Wells, Chtd.; Kyle R. May, Pocatello, for appellant. Kyle R. May argued.

Hon. Raúl R. Labrador, Attorney General; Elizabeth H. Estess, Deputy Attorney General, Boise, for respondent. Elizabeth H. Estess argued.

_____

HUSKEY, Judge

Said Carrasco appeals from the disposition judgment for probation violation, and order denying his Idaho Criminal Rule 35 motion. Carrasco argues the district court abused its discretion by not retaining jurisdiction following his probation violation and by denying his Rule 35 motion. Carrasco also argues the prosecutor breached the plea agreement. The district court did not abuse its discretion in either executing the underlying sentence without retaining jurisdiction or by denying the Rule 35 motion. Carrasco failed to preserve his argument that the prosecutor breached the plea agreement. The disposition judgment for probation violation, and order denying Carrasco's Rule 35 motion are affirmed.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Carrasco was a juvenile when he was charged with aggravated driving under the influence (DUI), Idaho Code § 18-8006, and vehicular manslaughter, I.C. § 18-4006)(3)(b), resulting from a car accident in which one passenger was killed, and another passenger was seriously injured (Cassia County case). The case was waived into adult court and pursuant to a plea agreement, Carrasco pleaded guilty to vehicular manslaughter and the aggravated DUI charge was dismissed. The district court imposed a unified sentence of eight years, with a minimum term of incarceration of four years, and retained jurisdiction. After completing the period of retained jurisdiction, Carrasco was placed on probation.

Thereafter, Carrasco was charged in Bannock County with lewd conduct with a minor under sixteen and rape (Bannock County case), which resulted in the filing of a motion for probation violation in the Cassia County case (the subject of this appeal). In this case, Carrasco entered into a non-binding plea agreement wherein he agreed to admit to the probation violation and the State agreed to recommend the same sentence as would be entered in the Bannock County case. In the Bannock County case, Carrasco received a unified sentence of ten years, with a minimum period of incarceration of five years, and the district court retained jurisdiction.

After Carrasco admitted to violating the terms of his probation, the district court declined to follow the recommendations in the non-binding plea agreement, revoked Carrasco's probation, and executed the underlying sentence without retaining jurisdiction. Carrasco filed a Rule 35 motion, arguing that because the district court executed the underlying sentence he would not be eligible to serve a period of retained jurisdiction and would have to serve the five-year determinate portion of the sentence in his Bannock County case. Carrasco requested the district court also retain jurisdiction and run the sentence concurrently to the Bannock County case instead of executing the underlying sentence. The district court denied the motion. Carrasco appeals.

# II.

## STANDARD OF REVIEW

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original

sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).

A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).

## III.

## ANALYSIS

Carrasco does not directly challenge the revocation of his probation. Instead, he argues the district court erred in executing the underlying sentence because the district court knew that, in doing so, it would deprive Carrasco of participating in the retained jurisdiction program that was ordered in the Bannock County case. He argues this constitutes an excessive sentence.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *Morgan*, 153 Idaho at 621, 288 P.3d

at 838. Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Here, the district court considered whether sending Carrasco on a period of retained jurisdiction would be beneficial and the court found that it would not, stating that a period of retained jurisdiction would only "guarantee that [Carrasco's] not going to commit new crimes for eight months." The district court concluded that the retained jurisdiction program was not appropriate because the court did not need more information regarding Carrasco's rehabilitative potential or his suitability for probation. The district court concluded that given Carrasco's performance on probation following his first period of retained jurisdiction, Carrasco was not a suitable candidate for probation. Thus, after applying the relevant standards and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, the disposition judgment for the probation violation is affirmed.

Next, we review whether the district court erred in denying Carrasco's Rule 35 motion. In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *Huffman*, 144 Idaho at 203, 159 P.3d at 840. Upon review of the record, including any new information submitted with Carrasco's Rule 35 motion, we conclude no abuse of discretion has been shown.

Finally, Carrasco argues the prosecutor breached the plea agreement at the probation violation disposition hearing by recommending the agreed-upon sentence, but also saying he would never enter into such an agreement again. Carrasco also asserts the prosecutor breached the plea agreement by objecting to Carrasco's Rule 35 motion. The State argues the issue is not preserved for appeal because Carrasco did not raise the issue in the district court.

Carrasco did not preserve the issue that the prosecutor breached the plea agreement or that he was denied the opportunity or right to withdraw his admission to the probation violation because Carrasco failed to raise either claim in the district court. Appellate review is limited to the arguments presented to the trial court. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017); *see also State v. Papse*, 167 Idaho 429, 431, 470 P.3d 1238, 1240 (Ct. App. 2020). Although he raises a claim of fundamental error in his reply brief, this Court will not consider arguments raised for the first time in the appellant's reply brief. *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005). "A reviewing court looks only to the initial brief on appeal for the

4

issues presented because those are the arguments and authority to which the respondent has an opportunity to respond in the respondent's brief." *Id.* This is true even when the appellant alleges a fundamental error occurred. *State v. Ingraham*, 172 Idaho 30, 36, 528 P.3d 966, 972 (2023). Therefore, we decline to consider Carrasco's argument that the prosecutor breached the plea agreement or that the breach constituted fundamental error.

Even if reviewed on the merits, Carrasco's claim of fundamental error fails at the first step because Carrasco has not established the violation of an unwaived constitutional right. Carrasco argues that because the State allegedly breached the plea agreement, Carrasco's admission to the probation violation was not knowingly and voluntarily entered. In *Puckett v. United States*, 556 U.S. 129 (2009), the United States Supreme Court held "there is nothing to support the proposition that the Government's breach of a plea agreement retroactively causes the defendant's agreement to have been unknowing or involuntary." As a result, the alleged breach of the plea agreement did not render Carrasco's admission to the probation violation unconstitutional. Carrasco's reliance on *McAmis v. State*, 155 Idaho 796, 798, 317 P.3d 49, 51 (Ct. App. 2013) is misplaced as that plea agreement involved a guilty plea. *Id.* Carrasco's admission to the probation violation is not a "functional guilty plea," as he did not plead guilty to a criminal offense, and he faced no additional punishment or sentence beyond that imposed upon his conviction. *United States v. Hill*, 548 F.2d 1380 (9th Cir. 1977). In federal court, the constitutional protections set forth in Federal Rule of Criminal Procedure 11 are inapplicable to probation revocation hearings because Rule 11 safeguards are to protect the rights of the accused at a criminal prosecution. Probation revocation is not a stage of the criminal prosecution. *Id.* at 1381. The federal courts have also held that the due process safeguards set forth in *Boykin v. Alabama*, 395 U.S. 238 (1969) do not apply to probation revocation proceedings. The Idaho Supreme Court has similarly held that "[p]robationers do not enjoy the full panoply of constitutional protections afforded criminal defendants." *State v. Rose*, 144 Idaho 762, 765, 171 P.3d 253, 256 (2007).

Carrasco fails to establish a due process violation based on an unknowing and involuntary plea. He does not identify, and support with argument, which, if any, of Carrasco's other constitutional rights were violated in light of the federal and state precedent on this issue. As such, he has failed to establish a violation of an unwaived constitutional right, and his claim of fundamental error fails.

5

As to the claim the prosecutor breached the plea agreement by opposing Carrasco's Rule 35 motion, the law is well settled that unless a non-binding plea agreement contains express or implied language that indicates the parties intended the plea agreement to be given effect in the context of a Rule 35 motion, neither the court nor the parties are bound by the plea agreement terms after the initial sentencing. *State v. Flowers*, 150 Idaho 568, 574, 249 P.3d 367, 373 (2011); *see also State v. Longest*, 149 Idaho 782, 785-86, 241 P.3d 955, 958-59 (2010) (holding that a non-binding plea agreement did not prohibit a prosecutor from opposing a Rule 35 motion because the plea agreement did not contain language indicating that the parties intended the agreement to remain in effect after the initial sentencing). The language in Carrasco's plea agreement indicated it was a non-binding plea agreement and was silent as to the State's obligation at any phase other than the probation violation disposition hearing. Consequently, the State was not bound by the terms of the plea agreement as it related to the Rule 35 motion and did not breach the plea agreement by opposing the Rule 35 motion.

## IV.

## CONCLUSION

The district court did not err in revoking Carrasco's probation and executing the underlying sentence without retaining jurisdiction. Similarly, the district court did not err in denying Carrasco's Rule 35 motion. Carrasco failed to preserve the issue of whether the State breached the plea agreement, but even if he had, the claim fails because Carrasco failed to establish the violation of an unwaived constitutional right and thus, could not establish fundamental error. Therefore, Carrasco's order revoking probation and executing his underlying sentence and the order denying his Rule 35 motion are affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.