# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52331

<table>
<tr><td>

STATE OF IDAHO,

      **Plaintiff-Respondent,**

v.

TRAVIS ROBERT PHILLIPS,

      **Defendant-Appellant.**

</td><td>

**Filed:  June 15, 2026**

**Melanie Gagnepain, Clerk**

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

</td></tr>
</table>

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County.  Hon. Susie Jensen, District Judge.

Order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Allison C. Jaros, Deputy Attorney General, Boise, for respondent.

_____

TRIBE, Chief Judge

Travis Robert Phillips appeals from the district court's order denying his Idaho Criminal Rule 35 motion.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Phillips's girlfriend reported that Phillips struck her in the face with a pistol.  At the time, Phillips was on parole from South Dakota, was residing in Idaho, and was being supervised by Idaho probation and parole through an interstate compact.  The State filed two cases against Phillips, charging him with aggravated assault and two counts of domestic battery in one case and unlawful possession of a firearm in the other.  Phillips entered into an I.C.R. 11 plea agreement in which he agreed to plead guilty to unlawful possession of a firearm (Idaho Code § 18-3316) in

1

exchange for dismissal of the aggravated assault and domestic battery charges. The parties stipulated to a three-year determinate sentence.

At the June 27, 2024, change of plea and sentencing hearing, the district court indicated it would accept the plea agreement and impose the stipulated sentence. Phillips's counsel then stated that the prosecutor had confirmed with South Dakota authorities that South Dakota would not place a hold on Phillips until the completion of his Idaho sentence so that he could "hopefully go to work camp." The prosecutor agreed with counsel's statement, and the district court accepted Phillips's plea and imposed the stipulated sentence without further discussion regarding work camp eligibility.

Following sentencing, Phillips questioned whether South Dakota had agreed not to place a hold on him and requested that his new counsel obtain written confirmation. Subsequent email communications between the State, Phillips's new counsel, Idaho probation and parole, and South Dakota authorities revealed that South Dakota had not placed a hold on Phillips as of the plea hearing but, in January 2024, Idaho probation and parole lodged an agent's warrant hold related to Phillips's South Dakota parole supervision. Idaho probation and parole later removed the hold and submitted an interstate violation report to South Dakota. On August 5, 2024, Phillips's new counsel received an email advising that South Dakota had placed a parole hold on Phillips.

Phillips thereafter filed an I.C.R. 35 motion seeking a reduction of his sentence, arguing that the State had breached the plea agreement because the South Dakota hold prevented him from participating in the work camp and deprived him of the primary negotiated benefit of the plea agreement. The motion was filed as both "a plea for leniency and as a request to modify a sentence which was imposed in an illegal manner." At the August 27, 2024, hearing, Phillips acknowledged that withdrawal of the plea is the usual remedy for a breached plea agreement but asserted that such relief was no longer practical because South Dakota had already imposed the parole hold based on his admission to a new offense. Instead, Phillips requested an eighteen-month reduction of his sentence.

The prosecutor responded that it only relayed South Dakota's position at the time of the plea hearing and had not promised what South Dakota would do in the future. The prosecutor further argued that Phillips's communications with parole authorities contributed to the earlier placement of the hold, reiterated its willingness to allow him to withdraw his guilty plea, and

maintained that a sentence reduction was unwarranted because work camp placement ultimately depended on the Idaho Department of Correction (IDOC).

The district court denied Phillips's I.C.R. 35 motion. The district court concluded that I.C.R. 35 was not the proper mechanism to challenge the validity or enforcement of the I.C.R. 11 plea agreement and declined to determine whether a breach occurred because Phillips had not moved to withdraw his guilty plea. Treating the motion as a request for leniency, the district court determined that the three-year determinate sentence remained reasonable regardless of Phillips's eligibility for work camp.

Phillips later moved for reconsideration and submitted additional evidence regarding the IDOC's classification system. The district court summarily denied Phillips's motion to reconsider. Phillips timely appeals.

## II.

## STANDARD OF REVIEW

A motion for reduction of sentence under I.C.R. 35(b) is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35(b) motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018). In conducting our review of the grant or denial of an I.C.R. 35(b) motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

## III.

## ANALYSIS

Phillips drafted his I.C.R. 35 motion as both "a plea for leniency and as a request to modify a sentence which was imposed in an illegal manner." The State argues that, by denying the motion, the district court necessarily denied both requests and that, on appeal, Phillips only asks this Court to review one aspect of this ruling--the district court's refusal to grant him a discretionary sentence reduction. We agree that, on appeal, Phillips does not contend that his three-year determinate sentence was "imposed in an illegal manner," and he has waived any claim of error under I.C.R. 35(a). *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (holding that issues not supported by argument or authority are waived on appeal).

Phillips has preserved his argument that the district court erred by denying his request to reduce his sentence pursuant to I.C.R. 35(b). According to Phillips, the district court failed to properly consider "new and additional information," namely, that the State allegedly breached the parties' plea agreement. Phillips contends the State induced his guilty plea by representing that South Dakota would not place a parole hold on him during his Idaho incarceration, thereby preserving his eligibility for work camp. Phillips asserts that South Dakota's subsequent placement of a parole hold deprived him of the benefit of his bargain and warranted a reduction of his sentence.

The State responds that an I.C.R. 35(b) motion for reduction of sentence is not the proper procedural vehicle through which to litigate an alleged breach of a plea agreement. We agree with the State.

The error Phillips alleges does not fall within the limited scope of relief contemplated by I.C.R. 35(b). An alleged breach of a plea agreement by the prosecutor does not render a defendant's sentence illegal or otherwise invalid so as to entitle the defendant to an automatic sentence reduction. Rather, where the State breaches a plea agreement, the appropriate remedies are either withdrawal of the defendant's guilty plea or specific performance of the agreement through resentencing before a different judge. *McAmis v. State*, 155 Idaho 796, 798, 317 P.3d 49, 51 (Ct. App. 2013). In determining the appropriate remedy, trial courts may consider a variety of circumstances surrounding the alleged breach and the resulting prejudice to the defendant. *See id.* at 798-99, 317 P.3d at 51-52.

4

Here, however, Phillips did not move to withdraw his guilty plea or seek specific performance through resentencing. Instead, he sought an eighteen-month reduction of his determinate sentence under I.C.R. 35. Whether Phillips ultimately would have qualified for work camp, given his criminal history and the discretionary nature of such placement, is not the issue before this Court. The sole question presented is whether Phillips was entitled to a sentence reduction under I.C.R. 35(b) based upon the State's alleged breach of the plea agreement. We conclude he was not. Accordingly, the district court did not err in denying Phillips's I.C.R. 35 motion because that procedure was not the proper avenue through which to resolve his allegations regarding breach of the plea agreement.

In reviewing the request for relief under the standards applicable to motions seeking reduction of an unduly harsh sentence, the district court properly determined that the underlying sentence was appropriate. Phillips requested I.C.R. 35 relief based on the existence of a parole hold, which he claims violated his plea agreement and prevented him from being eligible for work camp. The district court acknowledged that this information was new. The district court determined that Phillips's inability to attend work camp did not change its view that a three-year determinate sentence was necessary to accomplish the goals of sentencing. The district court explained:

> Once I sentence you, you go to IDOC. And your classification down there, what facility you're sent to, what programming you do, what opportunities you're given, whether you go to work camp or not, whether you get to do any other activities while you're in there, that's out of my hands. That's not something that this court considers in determining whether a sentence is appropriate based on circumstances of your case. And it's not something that I took into consideration at sentencing.
> . . . .
> . . . I went along with the Rule 11 because, based on all of the other factors and circumstances that were presented to me, I believed that it met the *Toohill* [*State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982)] factors. And both was appropriate and met the goals of protection of society, rehabilitation, if possible, deterrence and punishment.
> . . . .
> . . . Those [factors] are all still in place, and none of that has changed.
> . . . .
> And I don't think that what would always have been a hypothetical or a potential that you could potentially go to work camp . . . alters my understanding [or] analysis when I sentenced you.

So at this point, I am going to deny the Rule 35. My sentence as it was originally pronounced stands.

The district court recognized that it had the discretion to grant a sentence reduction and applied the correct legal standards for determining whether Phillips's sentence is excessive. It provided reasons--the *Toohill* factors and the inherent uncertainty in IDOC's programming decision--for refusing to reduce Phillips's sentence to account for the chance that he would qualify for work camp during his three-year determinate sentence. Phillips has not shown that the district court's conclusions represented an abuse of discretion.

## IV.
## CONCLUSION

For the reasons discussed herein, we affirm the district court's order denying Phillips's I.C.R. 35 motion.

Judge HUSKEY and Judge LORELLO, **CONCUR**.